At about 5 o'clock in the afternoon on March 18th, 1940, as Isaac E. Boggs attempted to walk from the river side sidewalk of Royal Street to the lake side, at or near the upper side of Desire Street, he was struck and severely injured by an automobile truck owned by L. K. Transfer Company, Inc., and Driven by Howard Young, an employee, who, at the time, was admittedly acting within the scope of his employment.
Boggs was accompanied by Wm. E. Watts who was also injured. Boggs and Watts had been walking up the river side of Royal Street, and had crossed Desire Street. Royal Street is a one-way street, vehicular traffic being permitted to travel in an uptown direction only.
A street-car of New Orleans Public Service, Inc., was on its way up Royal Street, and it also had just crossed Desire Street, but had stopped with its rear end near the upper side of the intersection in order that a passenger or passengers might embark or alight, and it had just started or was about to start on its course uptown when the two pedestrians stepped from the curb and were struck by the truck which was following the street-car, and which had pulled to the left so that it might pass the car in the narrow part of the street between the riverside curb and the street-car.
About all of these facts there is either no dispute, or, so little, that we have accepted them as established.
Boggs claims that he had stepped from the sidewalk at the usual pedestrian crossing and some few seconds before he was struck, and alleges that the truck approached "at a speed of approximately 35 miles per hour" and proceeded "at the same speed around the left hand side of the streetcar and struck (him) before he or his companion had a chance to get out of its path."
Though in the petition it was alleged that Central Surety 
Insurance Corporation of Kansas City, Mo., is the liability insurance carrier of said L. K. Transfer Co., Inc., and a solidary judgment was sought against both the transfer company and the said insurance company, it was later conceded by counsel for plaintiff that because there was no such insurance policy, a nonsuit should be entered as to the said insurance company. Though we find no petition of intervention in the record, counsel seem to concede that the Board of Administrators of the Charity Hospital of New Orleans intervened, asserting that the Charity Hospital had rendered services to Boggs for the value of which defendant — if liable to Boggs — should be held also liable to it. *Page 263 
The defendant denied that the driver of its truck had been at fault in any way, and averred that the accident had been caused "solely by the negligence of plaintiff stepping suddenly, and without indication or warning, from the banquet at a point approximately 100 feet from the intersection of Royal and Desire Streets * * * with such suddenness and so close ahead of defendant's truck (within three or four steps therefrom) that it was impossible for defendant's chauffeur to avoid the collision."
There was judgment dismissing the suit. The district judge in his reasons for judgment said:
"This accident occurred solely through the negligence of the plaintiffs themselves."
Plaintiff and the Board of Administrators of Charity Hospital have appealed.
The record does not clearly establish whether the accident occurred at the usual pedestrian crossing, though the evidence that it was some distance above the crossing seems to preponderate. Both Watts and Boggs testified that they were struck at the crossing, and Mrs. Slack, a witness who testified in their behalf, also placed the point of contact at the usual pedestrian crossing.
On the other hand, the driver of the truck states that he had reached a point about 80 feet beyond the intersection when the two men, without warning of any kind, suddenly stepped from the sidewalk into the street.
George McCollum, a young newspaper carrier, fixed the point at about 60 feet from the corner, and Boggs admitted that when picked up after the accident, he was between 45 and 50 feet from the corner, though he seeks to explain this by saying that he was knocked that far. But even if the accident did occur at the crossing, the evidence, by a great preponderance, shows that the two pedestrians had been walking in an uptown direction on the sidewalk, and had given no indication of their intention to cross the street, when suddenly and just as the truck was about to reach a point alongside them, they stepped from the sidewalk directly into its path. Though the whole burden of their case is that they had been in the street for sometime before the truck struck them, they both made statements which indicate that they had just stepped into the street as the truck reached them.
Boggs says that he first saw the truck when it "was at least a block beyond me" and he further testified that he did not look to see whether it was approaching, and that it struck him when "I had just stepped off the curb into the street."
Watts says that he saw the truck when it was "about three quarters or may be a block down the street,": that he did not notice the truck again and that "the next thing, the truck struck me."
Mrs. Slack, the witness to whom we have already referred and who was placed on the stand by plaintiff, testified as follows:
"Q. How far was the truck away from them as they stepped down into the street? A. Well, they must have been at the same point at the same time.
"Q. It all happened right there? A. It was impossible for it to happen otherwise.
"Q. The truck was right on them as they stepped down? A. Well, it contacted them mighty quickly, in other words."
And when asked how far from the sidewalk the pedestrians were when they were struck, Mrs. Slack said: "Just about a step."
McCollum, the young newsboy, did not see them just as they stepped into the street because he had turned to deliver a newspaper at a door nearby, but he says that just before the accident he noticed them walking toward him, and that as he turned his head, they stepped into the street and were struck.
In view of this evidence, we are convinced that these two men had been walking along the sidewalk without giving any indication of an intention to cross. That just as the street-car passed them, they suddenly decided to cross behind it to the other side of the street, and stepped into the street without noticing that the truck was about to pass the street-car.
There is no indication that the truck was going at an unusually fast or improper speed, and we fell that the accident was caused solely and entirely by the negligence of plaintiff, Boggs, in stepping into the path of the truck when the driver thereof no longer had an opportunity to avoid striking him.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed at the cost of plaintiff.
Affirmed. *Page 264